FLORENCE V. CRUICKSHANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35899. Promulgated May 29, 1931.

*Claude I. Parker, Esq.,* and *Ralph W. Smith, Esq.,* for the petitioner.
*Arthur Carnduff, Esq.,* for the respondent.

### OPINION.

MATTHEWS: The respondent determined a deficiency in income tax for the year 1923 in the sum of $767.55. The petition alleges that the respondent erred in refusing to compute petitioner's income in accordance with an antenuptial contract entered into by petitioner and her husband. By stipulation of the parties it is agreed that the findings of fact as contained in the findings of fact in the case of this

petitioner and her husband, 13 B. T. A. 508, involving the petitioner's tax liability for prior years, shall be taken and accepted as the findings of fact in this appeal. In accordance with the stipulation those findings of fact are incorporated herein by reference.

It is further stipulated that the antenuptial agreement was in full force and effect during the calendar year 1923 and was carried out and observed by the parties in 1923 in the same manner as in prior years. Petitioner and her husband made a separate income-tax return for 1923 and each returned one-half of the total income which both received from all sources. The combined net income of petitioner and her husband for 1923 was $68,643.91, of which amount $24,000.57 represents income earned by the husband from his profession.

The respondent restored to the gross income of the husband all the income he derived from his profession and determined the net income of the husband and of the petitioner by apportioning the aggregate income derived from the property covered by the antenuptial agreement in the ratio of 1/77 to the husband and 76/77 to the petitioner.

It is agreed by the parties that the sum of $3,589.68 represents net income realized from the property owned by the husband, and the sum of $41,053.66 represents the net income derived in 1923 from the property owned by the petitioner at the time of the execution of the antenuptial agreement, or from property substituted therefor which is subject to the terms of the agreement.

The petitioner claims that under the antenuptial agreement, which constitutes a valid contract, she and her husband were each entitled to receive one-half of the total income of both, without any qualification, and it is contended that all the income, issues and profits from the property covered by the agreement should be divided equally between the petitioner and her husband. The respondent's position is that notwithstanding the agreement the income derived from property separately owned by the petitioner is taxable to her.

The determination of the respondent is in accordance with our decision in the case of this petitioner and her husband reported in 13 B. T. A. 508, which involved the petitioner's tax liability for prior years. That decision is attacked by the petitioner on the ground that it is based upon court decisions in community property cases. It is stated in the brief filed on behalf of the petitioner:

Here we are not concerned with community property as the property subject to the agreement was and continues as the separate property of the parties, the income from which legally was divisible between them, subject to their antici-

pation, claims of their creditors or even bankruptcy. Their interest was a fixed and present interest, such interest as determined by the United States Supreme Court recently in the following cases, decided November 24, 1930. *Burns Poe, Collector* v. *H. G. Seaborn; Fred O. Goodell, Collector* v. *I. B. Koch; George C. Hopkins, Collector* v. *G. W. Bacon; Jacob O. Bender, Collector* v. *William Pfaff.*

Briefly it is our position that the Board erred in giving consideration in its earlier opinion to community property cases in determining the present issue, rather than have found its decision upon the question as to whether or not the rights of the parties under the agreement were present rights, existing and vested as distinguished by the Supreme Court in the cases aforesaid, which guiding rules of authority were not available at the time of the Board's earlier decision.

Counsel for the petitioner apparently overlooked the fact that the cases cited in their brief relate to community property, for it is conceded that we are not here dealing with a question of community property. The antenuptial agreement expressly provides that the property of each party shall remain the separate property of the party owning the same and it is only the income from such property to which the agreement relates. We believe that the obligation to pay tax on such separate property can not be escaped by an agreement to contribute the income from the property to the common use of both parties. This conclusion is in accordance with the decision of the Supreme Court of the United States in the case of *Lucas* v. *Earl*, 281 U. S. 111, in which it was held that the earnings of a husband were all taxable to him although he and his wife, residents of California, had entered into a valid contract that the earnings of either spouse should be received and owned by them as joint tenants. The court said:

\* \* \* There is no doubt that the statute could tax salaries to those who earned them and provide that the tax could not be escaped by anticipatory arrangements and contracts however skilfully devised to prevent the salary when paid from vesting even for a second in the man who earned it. That seems to us the import of the statute before us and we think that no distinction can be taken according to the motives leading to the arrangement by which the fruits are attributed to a different tree from that on which they grew.

The petitioner's tax liability should be redetermined by assigning to her 76/77 of the income from the combined properties. It has been stipulated by the parties that the income of the petitioner for 1923 is in the sum of $41,053.66, and a redetermination should be made on the basis of the facts stipulated in accordance with our holding.

*Judgment will be entered under Rule 50.*